UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: ) | |
| ) | Case No. 16-10236-MSH |
| ) | Chapter 7 |
| BLAST FITNESS GROUP, LLC, ) | |
| Debtor ) | JUNE 15, 2017 |
| ) | |

CREDITOR BALLY TOTAL FITNESS HOLDING CORPORATION'S *EX PARTE* VERIFIED MOTION FOR EXTENSION OF AUTOMATIC STAY TO CLAIMS ASSERTED IN STATE COURT ACTION ON GROUNDS OF IDENTITY OF INTEREST WITH DEBTOR AND REQUEST FOR EXPEDITED CONSIDERATION

To the Honorable Melvin S. Hoffman, Chief Judge, Bankruptcy Court:

Now Comes the creditor, Bally Total Fitness Holding Corporation (hereinafter "Bally"), through its local counsel, Steven J. Bolotin, Esq., and moves for an order of this Honorable Court extending the automatic stay imposed by 11 U.S.C. §362(a) to all claims and causes of action asserted by the creditor, The United Tool and Die Company, against Bally in a case styled The United Tool and Die Company v. Bally Total Fitness Holding Corporation, pending in the Superior Court of Connecticut, Judicial District of Hartford and bearing docket number HHD-CV15-6057594-S (the "Connecticut State Court Action"). As grounds therefore, Bally states that the automatic stay in bankruptcy pursuant to 11 U.S.C. §362 should extend to claims and/or causes of action asserted by United Tool against Bally in the Connecticut State Court Action because:

- United Tool's claims against Bally are for payments under commercial leases which were assigned by Bally to the Debtor's wholly owned subsidiary, Blast Fitness Acquisition, LLC (hereinafter "Blast Fitness") with the knowledge and consent of United tool;

- Blast Fitness is contractually obligated to defend and indemnify Bally for such claims under an Asset Purchase Agreement, dated April 10, 2012 (the "APA");

- The obligations of Blast Fitness to Ballys and United Tool present pivotal issues in the Connecticut State Court Action which cannot be addressed during the pendency of this Bankruptcy Proceeding.[1]

---

[1] Under the legislative history of 11 USCS § 362(d), it is clear that this section allows creditors and debtors to oppose the lifting of the automatic stay. In re Lopez-Soto, 764 F.2d 23, (1ˢᵗ Cir. 1985). In this instance, looking at the claims of United Tool, Bally stands in the same shoes as the debtor, Blast Fitness Group, LLC. As such, Bally's position on the order of the various proceedings affecting the debtor's estate should be considered, as it is a "party in interest" whose rights and liabilities are being addressed by the actions of this Court. In re Comcoach Corp. 698 F.2d 571 (2d Cir. 1983).

1641241v.1

Further, the Creditor, Bally, requests Expedited Consideration of the instant motion because there is a pending motion for summary judgment in the Connecticut State Court Action, filed by United Tool, which is scheduled for oral argument on June 19, 2017, before The Honorable Cesar Noble. In support of this Motion, the Creditor, Bally, states as follows:

## JURISDICTION

1) This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 11 U.S.C. §157(b)(2)(G). This is a core proceeding. This Court may grant the relief requested in this Motion pursuant to 11 U.S.C. §362.

## FACTUAL BACKGROUND

2) On January 26, 2016, the Debtor, Blast Fitness Group, LLC, (hereinafter the "Debtor") filed the Chapter 7 Voluntary Petition captioned above;

3) Gary W. Cruickshank, Esq., was appointed the Chapter 7 Trustee. Mr. Cruickshank has accepted the appointment and is administering on the above captioned case. The Chapter 7 Trustee has no objection to this motion;

4) Bally Total Fitness Holding Corporation has been scheduled on the Debtor's bankruptcy petition as a creditor;

5) United Tool and Die Company has been scheduled on the Debtor's bankruptcy petition as a creditor;

6) By writ of summons and complaint dated February 9, 2015, United Tool filed a civil action against Bally in a case styled The United Tool and Die Company v. Bally Total Fitness Holding Corporation, Superior Court of Connecticut, Docket No. HHD-CV15-6057594-S (the "Connecticut State Court Action"). The Complaint in the Connecticut State Court Action alleges that Bally leased parking lots from the Plaintiff in West Hartford but failed to make lease payments to the Plaintiff between June 2012, after the leases were assigned to Blast Fitness, and February 28, 2015, when the leases terminated. (A true and correct copy of the Complaint is attached as Exhibit A.) The underlying commercial leases are dated February 5, 1990. (True and correct copies of the leases are attached as Exhibits B and C, respectively);

7) Prior to the time period at issue in the Connecticut State Court Action, **and with the knowledge and consent of United Tool**, on April 30, 2012, Bally assigned all of its rights and obligations under the commercial leases to Blast Fitness, a wholly owned subsidiary of the Debtor, Blast Fitness Group, LLC. (A true and correct copy of the Asset Purchase Agreement between Bally and Blast Fitness Acquisition, dated April 10, 2012 ("APA") and related Assignment and Assumption of Leases ("Assignment"), are attached hereto as Exhibits D and E, respectively.) As such, the claims against Bally are in essence for the vicarious obligations of Blast Fitness.

8) Additionally, both the APA and the Assignment contain indemnification provisions whereby Blast Fitness agreed to indemnify and hold Bally harmless from and against any

1641241v.1

damages arising from Blast Fitness' breach of any obligation under the leases with United Tool. (Id.) Specifically, the indemnification provision provided in Paragraph 5 (a) and (b) of the Assignment referenced an indemnification provision provided in Paragraph 10 (a) of the APA. (Exhibit D, at pp. 25-26.) Blast Fitness' acquiescence to the indemnification provision was demonstrated by its agreement to defend and indemnify Bally in an indemnification notice dated June 27, 2014. (A true and correct copy of the Indemnification Notice, executed by Thomas Moran, Director of Blast Fitness is attached hereto as Exhibit F.) Blast failed to honor its contractual obligation to defend and indemnify Bally;

9) On September 9, 2015, Bally brought a third party action in the Connecticut State Court Action seeking contractual indemnification from Blast Fitness arising from its failure to honor its contractual obligations and, specifically, the obligation to defend and indemnify Bally from liability with respect to the leases. (A true and correct copy of the Third Party Complaint in the Connecticut State Court Action is attached as Exhibit G.) To date, Blast Fitness has not appeared in the Connecticut State Court Action and has been defaulted for its failure to appear. In light of the automatic stay, the parties to the Connecticut State Court Action have taken no further actions with respect to Blast Fitness or its parent entity, Blast Fitness Group, LLC, once this bankruptcy case was filed;

10) On February 28, 2017, United Tool moved for summary judgment in the Connecticut State Court Action. In response, Bally filed a motion for stay in light of the Debtor's bankruptcy matter, to which United Tool objected;

11) On June 5, 2017, the Connecticut Superior Court (Noble, J.) heard oral argument on Bally's motion for stay and United Tool's objection. The Court ruled that the automatic stay in bankruptcy did not extend to the Connecticut State Court Action <u>absent an order from this Honorable Court</u>;

12) Attorney Robert Paterno of Natale & Wolinetz, Glastonbury, Connecticut, represents United Tool in the Connecticut State Court Action.

## PURPOSE OF THIS MOTION

13) In this motion, Bally, through its attorney, seeks an order extending the automatic stay pursuant to the identify of interest rule;

## ARGUMENT

14) In accordance with 11 U.S.C. § 362(a)-(c), the debtor's filing of a voluntary petition for bankruptcy operates as an automatic stay, applicable to all entities of, among other things: (a) the commencement or continuation of all judicial, administrative, or other actions or proceedings against the debtor that were or could have been commenced before the commencement of the debtor's case or to recover any claims against the debtor that arose before the commencement of the debtor's case; (b) the enforcement against the debtor or against any property of the debtor's bankruptcy estate of a judgment obtained before the commencement of the debtor's cases; or (c) any act to obtain possession of property of or

1641241v.1

from the debtor's bankruptcy estates or to exercise control over property of the debtor's bankruptcy estates.

15) In Queenie, Ltd. v. Nygard International, 321 F.3d 282, 287-288 (2d Cir. 2003), the Second Circuit made expressly clear that the automatic stay extends to a debtor's wholly owned corporation. In reaching this conclusion, the Court held that the automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. Id. at 287.

16) The Court also recited several situations in which the automatic stay can apply to non-debtors, such as a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." Id. at 287-88. Ultimately, the Court extended the stay to apply to the debtor's wholly owned corporation because adjudication of a claim against the corporation would have an immediate adverse economic impact on the debtor. Id. at 288.

17) Earlier, in In re Metal Ctr., Inc., 31 B.R. 458 (Bankr. D. Conn. 1983), the Connecticut Bankruptcy Court observed:

> Generally, the automatic stay does not apply to proceedings against nondebtors. As pointed out by Chief Judge Peckham in *In re Related Asbestos Cases,* 23 B.R. 523, 527 (N.D.Ca.1982): 'The plain language of section 362, *supra,* clearly and repeatedly refers to actions against the debtor; it nowhere purports to encompass other related interparty claims.' This interpretation finds overwhelming support in the case law. Thus, in situations where a codefendant is independently liable as, for example, where the debtor and another are joint tortfeasors or where the nondebtor's liability rests upon his own breach of a duty, then the protection afforded a debtor under the automatic stay would clearly not extend to such nondebtor. ***Where, however, a debtor and a nondebtor are so bound by statute or contract that the liability of the nondebtor is imputed to the debtor by operation of law, then the Congressional intent to provide relief to debtors would be frustrated by permitting indirectly what is expressly prohibited in the Code.***

(emphasis added) (internal quotes and citations omitted) Id. at 462. While the Connecticut District Court denied the non-debtor's motion pursuant to 11 U.S.C. §362(a)(1), it proceeded to grant the stay on equitable grounds. Id. at 463. This same reasoning was employed by the Court in A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994 (4th Cir.), cert. denied, 479 U.S. 876 (1986) to extend the automatic stay to certain officers of the debtor corporation who were entitled to indemnification both under Virginia's corporate statutes and by virtue of being named as additional insureds under the debtor's insurance policy. Id. at 1007.

18) Some courts, however, have recognized the automatic stay of 11 U.S.C. § 362(a)(1) applies to actions against non-debtor codefendants. See Matter of S.I. Acquisition, Inc., 817 F.2d

1142, 1147 (5th Cir.1987); A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir.1986); In re Neuman, 128 B.R. 333, 336-37 (S.D.N.Y.1991); Marroquin v. D & N Funding Inc., 943 S.W.2d 112, 115 (Tex.App.1997); Belington Bank v. Masketeers, Co., 185 W.Va. 564, 408 S.E.2d 316, 320 (1991). This applies when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." Piccinin, 788 F.2d at 996.

19) In this instance, there is a common identity between Blast Fitness and Bally's as applied to the property at issue given both the assignment of the leases to, and the indemnity obligation owed by, Blast Fitness.

20) In the absence of an order from this Honorable Court extending the automatic stay to Bally in the Connecticut State Court Action, Bally's contractual rights to indemnity from Blast will be "effect[ively] nullified." A.H. Robins, supra at 1000.

21) Pursuant to 11 U.S.C. §362(d), the Bankruptcy Court has the authority to grant an extension of the stay, as determined for good cause on a case by case basis;

22) Declining to extend the automatic stay where the Debtor has unequivocally assumed the obligations at issue in the Connecticut State Court Action would serve only to deprive justice to the creditor, Bally. Extending the stay would cause no harm to the Debtor or other creditors or the bankruptcy estate;

## COMPLIANCE WITH MASSACHUSETTS BANKRUPTCY LOCAL RULES

23) Pursuant to Massachusetts Local Rules 13-16-1(a)(3), counsel for Bally in the Connecticut Action had a telephone conference with the Debtor's counsel concerning this motion on June 14, 2017. The Certificate of Conference is attached to this motion as Exhibit H. **Neither the Trustee nor counsel for the Debtor have any objection to this Motion;**

24) There is no need for a Real Estate Worksheet for this Motion, since there is no real estate involved in this matter. In addition, there is no liquidation analysis, because this matter does not deal with a secured asset;

25) Bally has attached a Proposed Order to this Motion;

## REQUEST FOR AN EXPEDITED DETERMINATION

26) The Creditor, Bally, seeks an expedited determination of this motion since there is a pending motion for summary judgment in the Connecticut State Court Action and the Connecticut Superior Court (Noble, J.) has scheduled oral argument for June 19, 2017.

**WHEREFORE**, the Creditor, Bally Total Fitness Holding Corporation, respectfully requests that this Court enter an Order as follows:

1. To extending the automatic stay pursuant to 11 U.S.C. §362(a) to all claims and causes of action asserted by the creditor, The United Tool and Die Company, against Bally in a case

1641241v.1

styled <u>The United Tool and Die Company v. Bally Total Fitness Holding Corporation</u>, pending in the Superior Court of Connecticut, Judicial District of Hartford and bearing docket number HHD-CV15-6057594-S (the "Connecticut State Court Action") until the final disposition of this matter;

2. To issue an expedited determination of this issue so that the creditor, Bally, can know whether the automatic stay extends to all claims and causes of action asserted in the Connecticut State Court Action;

3. To grant such other and further relief as is deemed just and proper.

Respectfully Submitted,
BALLY TOTAL FITNESS HOLDING CORPORATION,
by its attorney,

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on the 15th day of **June, 2017**.

/s/ Steven J. Bolotin

/s/ Steven J. Bolotin

Steven J. Bolotin, Esq., BBO #564085
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
617-439-7500
sbolotin@morrisonmahoney.com

1641241v.1

## VERIFICATION

      I, Earl Acquaviva, Jr., Senior Vice President, Secretary and General Counsel of Bally Total Fitness Holding Corporation, hereby affirm under penalty of perjury that the factual representation contained in the foregoing Verified Motion, and the exhibits attached to this motion, are true and correct to the best of my knowledge, information and belief.

                                            BALLY TOTAL FITNESS
                                            HOLDING CORPORATION

                                            By: _____
                                            Earl Acquaviva, Jr.
                                            Senior Vice President, Secretary and
                                            General Counsel
                                            Duly Authorized

STATE OF MARYLAND           )
                                      )
COUNTY OF BALTIMORE     )

Personally appeared, Earl Acquaviva, Jr. Senior Vice President, Secretary and General Counsel of Bally Total Fitness Holding Corporation, before me on the 8th of June, 2017 and made oath to the truth of the matters contained in the foregoing Verified Motion.

_____
Notary Public
My Commission Expires: 11/07/2017

                                            PETER G. MATTES
                                        NOTARY PUBLIC STATE OF MARYLAND
                                        My commission expires 11/07/2017

