UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>BLAST FITNESS GROUP, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No.:    16-10236-MSH |

**(ASSENTED-TO) EXPEDITED MOTION BY
GOODWIN PROCTER, LLP TO MODIFY DATES OF
COMPLIANCE WITH JANUARY 22, 2018 TURNOVER ORDER**

Goodwin Procter LLP ("Goodwin") hereby moves this Court for modification of the dates for compliance with the Court's January 23, 2018 Order granting the January 22, 2018 Expedited Motion by Chapter 7 Trustee to Compel Goodwin Procter, LLP to Turn Over and Produce Books, Documents, Record, and Papers of the Debtor pursuant to 11 U.S.C. § 542(e) ("Motion").  As grounds therefor, Goodwin states as follows:

1. Goodwin was served with the Motion on January 22, 2018 and the Motion was allowed the next day without any response from Goodwin.

2. Prayer 1 of the Trustee's Motion requested that Goodwin make available, within two calendar days of the Court's Order, complete unredacted copies of the Asset Purchase Agreement, a redacted copy of which was attached as Exhibit A to the Trustee's Motion, and the Real Estate Purchase Agreement, along with all of their exhibits. Goodwin did so on a timely basis on January 25, 2018.

3. Prayer 2 of the Trustee's Motion requested that Goodwin make any other executed agreements, involving the purchase, sale, assumption or other disposition of any of the debtor's assets or any subsidiary of the debtor's assets available within two

1

calendar days of the Court's January 23, 2018 Order.  Goodwin also timely produced documents in response to Prayer 2 on January 25, 2018.

4. Prayer 3 of the Trustee's Motion requested that Goodwin deliver the Debtor's entire existing paper and electronic files to Special Counsel within 7 days of this Court's Order, or by January 30, 2018.  Goodwin conducted a lengthy trial for the debtor and has a substantial volume of client files.  Although Goodwin will be able to continue its production of the Debtor's client files on January 30, 2018 with a signification additional volume of documents, Goodwin will not be in a position to produce the Debtor's entire client files by that date.  Goodwin contacted Special Counsel for the Trustee to request an extension of time of ten days to comply with Prayer 3 of the Trustee's Motion.

5. Prayer 4 of the Trustee's Motion requested that Goodwin supplement the turnover of any email communications not in the Debtor's file to Special Counsel within 14 days of the Court's Order, or by February 6, 2018.  Goodwin is in the process of identifying all attorneys who worked on the Debtor's matter to harvest and review emails in order to respond to Prayer 4 of the Trustee's Motion.  Goodwin estimates that Goodwin will need a reasonable additional amount of time to produce emails in response to Prayer 4 of the Trustee's Motion.

WHEREFORE, Goodwin requests that the Court modify its January 23, 2018 Order allowing the Chapter 7 Trustee's Expedited Motion to amend the Order to allow Goodwin to February 9, 2018 to respond to Prayer 3 of the Trustee's motion, and to allow Goodwin to February 20, 2018 to respond to Prayer 4 of the Trustee's Motion.

Special Counsel for the Trustee assents to this Motion.

2

Respectfully submitted,

GOODWIN PROCTER, LLP

By their attorneys,

/s/ Richard A. Oetheimer
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: +1 617 570 1000
Fax.: +1 617 523 1231

Dated: January 30, 2018

## CERTIFICATE OF SERVICE

    I, Richard A. Oetheimer, hereby certify that on January 30, 2018, I served the above document upon the Debtor by mailing a true copy thereof, first class mail, postage prepaid, to its counsel of record.

                                      /s/ Richard A. Oetheimer
                                      Richard A. Oetheimer